IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MARTHA A. C.,<br><br>           **Plaintiff,**<br><br>           **v.**<br><br>**KILOLO KIJAKAZI, Commissioner of Social<br>Security,**<br><br>           **Defendant.** | Case No. 21-CV-1043-JAR |

## MEMORANDUM AND ORDER

This matter is before the Court for review of the final decision of Defendant

Commissioner of Social Security denying Plaintiff's application for disability insurance benefits

under Title II and supplemental security income benefits under Title XVI of the Social Security

Act.  Plaintiff asserts that the Commissioner's decision is not supported by substantial evidence.

Having reviewed the record, and as described below, the Court reverses the order of the

Commissioner and remands for further proceedings.

I.      **Procedural History**

On April 12, 2018, Plaintiff protectively applied for a period of disability and disability

insurance benefits.  In her application, she alleged a disability onset date of December 20, 2016.

Plaintiff's application was denied initially and upon reconsideration.  She then asked for a

hearing before an ALJ.

After a hearing on September 3, 2020, the ALJ issued a written decision on October 8,

2020, finding that Plaintiff was not disabled.   Given the unfavorable result, Plaintiff requested

reconsideration of the ALJ's decision from the Appeals Council.  Plaintiff's request for review

was denied on December 14, 2020.  Accordingly, the ALJ's October 2020 decision became the final decision of the Commissioner.

Plaintiff filed a Complaint in the United States District Court for the District of Kansas. She seeks reversal of the ALJ's decision and remand.   Because Plaintiff has exhausted all administrative remedies available, this Court has jurisdiction to review the decision.

## II.     Standard for Judicial Review

Judicial review under 42 U.S.C. § 405(g) is limited to whether Defendant's decision is supported by substantial evidence in the record as a whole and whether Defendant applied the correct legal standards.[1]  The Tenth Circuit has defined "substantial evidence" as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[2]  In the course of its review, the court may not re-weigh the evidence or substitute its judgment for that of Defendant.[3]

## III.     Legal Standards and Analytical Framework

Under the Social Security Act, "disability" means the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment."[4]

> An individual shall be determined to be under a disability only if his
> physical or mental impairment or impairments are of such severity that he
> is not only unable to do his previous work but cannot, considering his age,
> education, and work experience, engage in any other kind of substantial
> gainful work which exists in the national economy . . . .[5]

---

[1] *See Vigil v. Colvin*, 805 F.3d 1199, 1201 (10th Cir. 2015).

[2] *White v. Barnhart*, 287 F.3d 903, 905 (10th Cir. 2001) (quoting *Castellano v. Sec'y of Health & Human Servs*., 26 F.3d 1027, 1028 (10th Cir. 1994)).

[3] *Id.*

[4] 42 U.S.C. §§ 423(d)(2)(A), 416(i)(1)(a).

[5] *Id*. § 423(d)(2)(A).

Pursuant to the Act, the Social Security Administration has established a five-step sequential evaluation process for determining whether an individual is disabled.[6]  The steps are designed to be followed in order.  If it is determined, at any step of the evaluation process, that the claimant is or is not disabled, further evaluation under a subsequent step is unnecessary.[7]

The first three steps of the sequential evaluation require the Commissioner to assess: (1) whether the claimant has engaged in substantial gainful activity since the onset of the alleged disability, (2) whether the claimant has a severe impairment, or combination of severe impairments, and (3) whether the severity of those impairments meets or equals a designated list of impairments.[8]  "If the impairment does not meet or equal a listed impairment, the ALJ must determine the claimant's RFC, which is [the claimant's] ability to do physical and mental work activities on a sustained basis despite limitations from [his] impairments."[9]

Upon assessing the claimant's RFC, the Commissioner moves on to steps four and five, which require the Commissioner to determine whether the claimant can either perform her past relevant work or whether she can generally perform other work that exists in the national economy, respectively.[10]  The claimant bears the burden in steps one through four to prove a disability that prevents performance of his past relevant work.[11]  The burden then shifts to the

---

[6] *Wilson v. Astrue*, 602 F.3d 1136, 1139 (10th Cir. 2010); *see also* 20 C.F.R. §§ 404.1520(a), 416.920(a).

[7] *Barkley v. Astrue*, Case No. 09-1163-JTM, 2010 WL 3001753, at *2 (D. Kan. Jul. 28, 2010).

[8] *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (first quoting *Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005); then quoting *Williams v. Brown*, 844 F.2d 748, 751 (10th Cir. 1988)); *see also Barkley*, 2010 WL 3001753, at *2 (citing *Williams*, 844 F.2d at 751).

[9] *Barkley*, 2010 WL 3001753, at *2 (citing 20 C.F.R. § 416.920(e)); *see also* 20 C.F.R. §§ 404.1520(e), 404.1545.

[10] *Barkley*, 2010 WL 3001753, at *2 (citing *Williams*, 844 F.2d at 751).

[11] *Lax*, 489 F.3d at 1084 (quoting *Hackett v. Barnhart*, 395 F.3d 1168, 1171 (10th Cir. 2005)).

Commissioner at step five to show that, despite the claimant's alleged impairments, the claimant could perform other work in the national economy.[12]

The ALJ determined at step one that Plaintiff had not engaged in substantial gainful activity since the alleged disability onset date.  He determined at step two that Plaintiff had the following severe impairments: carpal tunnel syndrome, asthma, obesity, depression, anxiety, borderline personality disorder, and post-traumatic stress disorder.  At step three, the ALJ found that Plaintiff's impairments or combination of impairments did not meet or equal the severity of one of the listed impairments in 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.  Continuing, he determined that Plaintiff had the RFC to

> perform a range [of] light work, in that she can lift and carry up to twenty pounds occasionally and lift or carry up to ten pounds frequently; stand and/or walk for six hours out of an eight-hour workday; and sit for six hours out of an eight-hour workday.  The claimant should never climb ladders, ropes and scaffolds; and can frequently climb ramps and stairs, balance, stoop, kneel, crouch and crawl.  The claimant can frequently handle, finger and feel bilaterally.  The claimant should never work at unprotected heights or with moving mechanical parts.  The claimant can never tolerate exposure to humidity/wetness, dust, odors, fumes and pulmonary irritants beyond a level found in an indoor work environment such as an office or retail store; and never extreme cold and extreme heat. The claimant is able to carry out detailed but uninvolved instructions in the performance of simple, routine and repetitive tasks in a low stress work environment with no fast-paced production requirements involving simple work-related decisions, and with only occasional judgment and work place changes.  The claimant can occasionally respond to and have interaction with supervisors, coworkers and the general public.[13]

The ALJ determined at step four that Plaintiff was unable to perform any past relevant work.  After considering Plaintiff's age, education, work experience, and RFC, he determined at step five that there were three jobs—a routing clerk, marker, and mail clerk—existing in

---

[12] *Id*. (quoting *Hackett*, 395 F.3d at 1171).

[13] Doc. 12-3 at 17.

significant numbers in the national economy that Plaintiff could perform.  Thus, the ALJ concluded that Plaintiff was not under a disability from December 20, 2016, through the date of his decision.

## IV.    Discussion

Plaintiff alleges that the ALJ's RFC is not supported by substantial evidence. Specifically, Plaintiff asserts that the ALJ's RFC stating that Plaintiff could perform simple, routine, repetitive work conflicts with one of the three positions that the ALJ determined was available to Plaintiff.  Next, Plaintiff contends that the RFC conflicts with the state agency psychologists' opinions that Plaintiff could only understand, remember, and carry out one- to two-step instructions.  Plaintiff states that the ability to carry out one- to two-step instructions corresponds with level-one Dictionary of Occupational Titles ("DOT") jobs, and the three jobs that the ALJ determined Plaintiff could perform required a reasoning level of two or three.  Thus, Plaintiff asserts that substantial evidence does not support the ALJ's finding that three jobs were available to Plaintiff.

As to Plaintiff's first argument, she states that the occupation of mail clerk requires a reasoning capacity beyond Plaintiff's RFC.  She claims that the ALJ did not identify or resolve the conflict between the RFC's limitation to simple, routine, and repetitive tasks and the level-three reasoning needed for the mail clerk position.  Plaintiff is correct on this point, and several Tenth Circuit cases state that a limitation to simple, routine tasks is inconsistent with level-three reasoning occupations.[14]  Thus, the inclusion of the mail clerk position, requiring level-three reasoning, is erroneous because the ALJ did not resolve this conflict.

---

[14] *See Hackett*, 395 F.3d at 1176 (noting that the limitation to simple and routine tasks is inconsistent with the demands of level-three reasoning and reversing so the ALJ could resolve this conflict); *Pritchett v. Astrue*, 220 F. App'x 790, 793 (10th Cir. 2007) (same).

The Commissioner contends, however, that Plaintiff's argument only applies to one of the three positions that the ALJ found available to Plaintiff. The other two positions of routing clerk and marker only require level-two reasoning and remain available to Plaintiff and exist in significant numbers in the economy. The Commissioner asserts that because 115,000 jobs in the national economy are still available to Plaintiff, the ALJ's error would be harmless. The Court need not address the Commissioner's harmless error argument because there is another issue with the ALJ's RFC and the remaining two positions.[15]

In this case, the RFC provides that Plaintiff was able to carry out detailed but uninvolved instructions in the performance of simple, routine, and repetitive tasks. Plaintiff contends that substantial evidence does not support the ALJ's step-five findings because the RFC conflicts with the state agency psychologists' opinions that Plaintiff could not carry out more than one- to two-step instructions. Plaintiff asserts that there was no explanation regarding this inconsistency and why this limitation was not adopted. In addition, Plaintiff contends that had the simple instruction limitation been included in the RFC, it would have been inconsistent with the ALJ's finding that Plaintiff could perform the remaining two DOT jobs that require level two reasoning.

Here, it is unclear why the limitation to simple instructions was not included. The Commissioner argues, and the Court recognizes, that the ALJ only found the state agency

---

[15] The Court notes that it generally should not decide in the first instance whether a particular number of jobs existing in the state or national economy is significant because it involves fact-finding, which is within the ALJ's province. *See Allen v. Barnhart*, 357 F.3d 1140, 1144 (10th Cir. 2004) ("This court has made it clear that judicial line-drawing in this context is inappropriate, that the issue of numerical significance entails many fact-specific considerations requiring individualized evaluation, and, most importantly, that the evaluation 'should ultimately be left to the ALJ's common sense in weighing the statutory language as applied to a particular claimant's factual situation.'") (quoting *Trimiar v. Sullivan*, 966 F.2d 1326, 1330 (10th Cir. 1992))); *see also Norris v. Barnhart*, 197 F. App'x 771, 777 (10th Cir. 2006) (declining to affirm, in part, the district court's harmless error conclusion that two other jobs existed in significant numbers because the ALJ may have "to give consideration to the factors that should direct an ALJ's resolution of the significant number inquiry.").

psychologists' opinions partially persuasive.  But the ALJ stated that he believed Plaintiff had

*more* limitations than what the state agency psychologists found.  In considering the state agency

psychologists' opinions, the ALJ noted that their opinions were supported by summaries of the

evidence, but found that the evidence supported a *marked* limitation (rather than moderate as

found by state agency psychologists) in Plaintiff's ability to maintain concentration, persistence,

or pace and a *moderate* limitation (rather than mild as found by state agency psychologists) in

adapting or managing oneself.[16]  Thus, the ALJ's RFC included additional limitations as to

Plaintiff's mental capacity but allowed for greater capacity in following instructions.  The ALJ's

reasoning for varying from the state agency psychologists' opinions is unclear.

In addition, the Court notes that the ALJ found the findings and opinions of two other

physicians, Ms. Elliot and Dr. Schmidt, persuasive on Plaintiff's mental RFC.  He states that

their opinions were persuasive because they were supported by their detailed reports and other

evidence of the record.  Yet, their opinions also limited Plaintiff to simple instructions.[17]  The

ALJ stated in his RFC that Plaintiff could follow detailed but uninvolved instructions, but did not

explain why this part of the opinion conflicted with their opinions.

An ALJ must explain how any ambiguities and inconsistencies were considered and

resolved.[18]  Here, it appears that the ALJ relied upon four physicians' opinions, as either

persuasive or partially persuasive, that limited Plaintiff to simple instructions and/or one- to two-

step instructions, but the limitation was not included in the RFC.  Had the RFC included the

limitation that Plaintiff could only carry out simple instructions or one- to two-step instructions,

the ALJ would have been required to inquire and resolve any consistencies between a position

---

[16] Doc. 12-3 at 20.

[17] Doc. 12-8 at 921 (318F).

[18] SSR 96-8p, 1996 WL 374184, at *7 (1996).

requiring level-two reasoning and the limitation to simple instructions.[19]  Accordingly,

substantial evidence does not support the ALJ's RFC finding or his finding that three jobs were

available to Plaintiff.

**V.      Conclusion**

      **IT IS THEREFORE ORDERED** that the judgment of the Commissioner is **reversed**

**and remanded pursuant to sentence four of 42 U.S.C. § 405(g)** for further proceedings

consistent with this Memorandum and Order.

      **IT IS SO ORDERED.**

      Dated: December 2, 2021

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

---

[19] *See C.P. v. Saul*, No. 19-1256-JWB, 2020 WL 6544582, at *5–7 (D. Kan. Nov. 6, 2020) (noting that "[t]he plain language of the DOT suggests that a limitation to one-to-two-step instructions conflicts with the requirements for jobs requiring level two reasoning" and finding remand necessary for the ALJ to consider and resolve this conflict) (collecting several District of Kansas cases).